| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| HORACE CHARLES SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant Horace Charles Smith's (hereinafter "Smith") pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [DE 47], counseled memorandum in support [DE 51], and the United States' response in opposition [DE 53]. Smith argues that his various health conditions, including diabetes, hypertension, and bronchitis, constitute extraordinary and compelling reasons warranting immediate release in light of his risk of contracting COVID-19 once again. For the reasons that follow, the motion is denied.

I.    **Background**

On July 11, 2017, Smith was named in an indictment charging him with two counts of possession of firearms as a convicted felon and aiding and abetting and two counts of possession of stolen firearms and aiding and abetting. DE 41. On June 7, 2018, pursuant to a written plea agreement, he pleaded guilty to the earlier of the two felon-in-possession charges, occurring on March 8, 2016. *See id.* He was then sentenced to 100 months of imprisonment on September 11, 2018. DE 44. At the time, Smith was twenty-two years old. DE 41. The judgment was executed on November 5, 2018.

Approximately thirty-three months later, on August 16, 2021, Smith filed the instant motion for compassionate release, seeking a reduction of his sentence to time served. DE 51 at 1. He primarily argues his preexisting health conditions constitute extraordinary and compelling reasons for a reduction in his sentence as they are "factors that place him at a high risk should he contract COVID-19 again." *See* DE 51 at 5. In the alternative, he requests home confinement or a recommendation of home confinement for the same reasons. *See id.* at 5–7. The United States filed a response opposing Smith's request on October 27, 2021. No reply has been filed. This matter is ripe for disposition.

## II. Legal Standards

Upon a defendant's motion, a district court in its discretion may reduce a defendant's term of imprisonment if: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring such motion on the defendant's behalf *or* the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier; and (2) the court finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). [1] In deciding to reduce a sentence based on extraordinary and compelling reasons, the court must consider the factors set forth in section 3553(a), to the extent applicable, and determine that a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).

---

[1] Other grounds for reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

The Sentencing Commission has outlined a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release. *See* U.S. Sent'g Guidelines Manual § 1B1.13, cmt. n.1(A)–(C) (U.S. Sent'g Comm'n 2021) (hereinafter "U.S.S.G.") (listing terminal illness; a condition from which a defendant is not expected to recover that substantially diminishes his ability to provide self-care within the correctional-facility environment; age 65 or older; and other listed requirements or enumerated family circumstances). Notably, § 1B1.13 pre-dates both the enactment of the First Step Act, which amended Section 3582 to provide defendants with direct access to the courts, and the coronavirus pandemic. Consequently, the Fourth Circuit has found that "[t]he only policy statement that possibly could be 'applicable'" was § 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020) (emphasis added); *see id.* at 281 ("What § 3582(c)(1)(A) requires is that sentence reductions be consistent with 'applicable policy statements.' And here, that consistency requirement simply is not implicated, for the threshold reason that there currently exists no 'applicable policy statement[].'").

However, the Fourth Circuit has since recognized that § 1B1.13, "though issued before Congress authorized defendant-filed motions, 'remains helpful guidance even when motions are filed by defendants'" for defining medical conditions that may serve as extraordinary and compelling reasons for a sentence reduction. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (quoting *McCoy*, 981 F.3d at 282 n.7); *see also United States v. Jenkins*, 22 F.4th 162, 169–70 (4th Cir. 2021) (stating that "the district court may consider any extraordinary and compelling reasons raised by the defendant as well as review § 1B1.13 to determine whether there is a sufficient 'extraordinary and compelling circumstance' warranting a sentence reduction"); *United*

*States v. Hargrove*, 30 F.4th 189, 197–98 (4th Cir. 2022) (approving consideration of §1B1.13, BOP Program Statement 5050.50, and other factors).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c)(1) bears the burden of establishing that such relief is warranted. *United States v. Rashaad*, No. 3:01-CR-195-MOC, 2023 WL 2656566, at *3 (W.D.N.C. Mar. 27, 2023) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) and *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)). The court may deny a defendant's motion based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist. *See Kibble*, 992 F.3d at 331–32. "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

## III. Analysis

There is no dispute regarding exhaustion of administrative remedies. Thus, the court considers whether there are extraordinary and compelling reasons warranting Smith's requested reduction and whether the 3553(a) factors weigh in favor of such a reduction.

### A. Evaluation of "Extraordinary and Compelling Reason"

As stated above, Smith contends that his medical conditions are extraordinary and compelling reasons warranting relief because they "place him at a high risk should he contract COVID-19 again." DE 51 at 5. He points to the following medical conditions to support his claim: bronchitis, brain hemorrhage, hypertension, and diabetes. DE 51 at 5.

The court finds that this combination of conditions does not rise to the level of extraordinary and compelling under § 1B1.13. Smith's conditions are serious, especially in light

of the coronavirus.[2] However, his successful recovery from his previous infection implies that he has developed natural antibodies mitigating his individual risk and bolstering his ability to provide self-care at the facility despite his conditions. *See, e.g.*, *United States v. Jones*, No. 5:17-CR-22-D, 2022 WL 17472232, at *4 (E.D.N.C. Dec. 6, 2022), *aff'd*, No. 22-7449, 2023 WL 3597574 (4th Cir. May 23, 2023); *United States v. Alston*, No. 5:11-CR-12-D, 2022 WL 18836537, at *3 (E.D.N.C. Nov. 7, 2022). Moreover, the availability of vaccines also weakens Smith's claim, since vaccines are widely considered effective at mitigating the risk of contracting the virus and suffering serious health outcomes should infection occur. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced."); *Benefits of Getting A COVID-19 Vaccine*, CDC (last updated May 11, 2023), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html.

Smith states that he "refused the COVID vaccine" because "individuals fully vaccinated are still getting the virus." DE 47 at 1. Although Smith's background and experiences may legitimately lead him to refuse the vaccine "out of fear for [his] safety and [his] life," *id.* at 1, the fact remains that he had, and continues to have, the ability to accept an effective countermeasure against the increased risk posed by his health conditions in light of the coronavirus. *See, e.g.*, *Jones*, 2022 WL 17472232, at *4; *Alston*, 2022 WL 18836537, at *3. Smith's health conditions do not justify compassionate release.

---

[2] According to the Centers for Disease Control and Prevention ("CDC"), Smith's conditions can increase his risk of severe sickness should he contract the coronavirus. *People with Certain Medical Conditions*, CDC (last updated May 11, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/peoplewith-medical-conditions.html. However, as discussed above, Smith's conditions are not extraordinary and compelling reasons warranting relief.

B.     Consideration of the § 3553(a) Factors

In the alternative, the court also finds that, even if Smith had demonstrated an extraordinary and compelling reason for release, consideration of the factors set forth in 18 U.S.C. § 3553(a) weighs against granting Smith's motion.[3]  Section 3553(a) requires that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  In determining whether such purposes have been fulfilled with respect to the present motion, the court should consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  *See id.*; *see also United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021).

Here, the requested reduction would undermine the need for his sentence to reflect the seriousness of her offenses, promote respect for the law, provide just punishment, and afford adequate deterrence.  The underlying offense conduct is significant, as provided in the presentence investigation report:

> On March 8, 2016, HORACE CHARLES SMITH and an accomplice broke into Guns Unlimited located in Ayden, North Carolina. On the night of the burglary, SMITH and his accomplice used rocks to break through the glass door of the business. In doing so, SMITH suffered a cut to his hand and left traces of his blood inside the store. They then entered the business, while a second unidentified accomplice remained outside to serve as the driver of the getaway vehicle. SMITH shattered a display case after which they stole 9 handguns before fleeing the scene.

---

[3] *United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021) ("If a district court finds that a defendant has demonstrated 'extraordinary and compelling reasons' for release, it must then consider the § 3553(a) sentencing factors 'to the extent that they are applicable.'" (quoting 18 U.S.C. § 3582(c)(1)(A))).

6

On March 12, 2016, SMITH along with [unindicted individuals] were taken into custody by officers with the Kinston Police Department, Kinston, North Carolina, for questioning about a shooting in Kinston. SMITH was arrested at his residence where investigators discovered 4 firearms, 2 of which were stolen in the Guns Unlimited burglary. SMITH provided a statement to investigators in which he denied having any knowledge about the Guns Unlimited burglary. On May 25, 2016, investigators executed a search warrant to obtain a DNA sample from SMITH. Subsequently on November 1, 2016, investigators received the lab results of SMITH's DNA test which matched that of a blood sample taken from the scene of the Guns Unlimited burglary on March 8th. To date, SMITH's accomplices in the burglary have not been identified.

DE 41 ¶¶ 6–7. Moreover, at the age of 22, and within the span of four years, McFadden has amassed a troubling number of convictions, including a conviction for possession with intent to manufacture, sell, or deliver a Schedule II controlled substance. *Id.* ¶¶ 13–18. Thus, his criminal history, as well as the nature of the instant offense, evidences a risk of recidivism that the court cannot ignore in considering his request.[4]

The court has fully considered the § 3553(a) factors. The court finds that Smith's offense conduct and criminal history implicate the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B).

C.     Request for Home Confinement

Smith requests that this court issue an order requiring the BOP to allow him to serve the remainder of his sentence on home confinement. DE 51 at 1, 5–7. In the alternative, Smith

---

[4] *See also* United States Sentencing Commission, *The Effects of Aging on Recidivism Among Federal Offenders* at 30 (December 2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf ("Among offenders released younger than age 21, 67.6 percent were rearrested compared to 13.4 percent of those released age 65 or older. The pattern is consistent across age groups, as age increases recidivism by any measure declined."); *id.* at 25 (finding that there is a 86.3 percent recidivism chance for offenders under age 30 with a criminal history category of IV).

requests a recommendation to the same effect. *Id.* at 7. Smith has not provided authority allowing this court to make placement decisions on behalf of the Bureau of Prisons, and the court declines Smith's invitation to make the requested recommendation. *See, e.g.*, *United States v. Evans*, No. 5:17-CR-380, 2023 WL 29112, at *3 (E.D.N.C. Jan. 3, 2023); *United States v. Gray*, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020).

## IV.    Conclusion

For the reasons explained above, Smith's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A) [DE 47] is DENIED.

SO ORDERED this 28th day of June, 2023.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE